UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PETER J. CALDERON,

                        Plaintiffs,

          - against -

BLAKE FLEETWOOD,

                        Defendants.

Index No. 08 CV. 4344

**ANSWER**

Defendant, for his Answer to Plaintiff's Complaint, states the following:

1. Defendant states that no response is necessary to paragraph 1 of the Complaint.

2. Defendant states that no response is necessary to paragraph 2 of the Complaint.

3. Defendant states that no response is necessary to paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4 of the Complaint.

5. No response is necessary to paragraph 5 of the Complaint.

## FACTS

6. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 of the Complaint.

7. Defendant admits the allegations contained in paragraph 7 of the Complaint.

8. Defendant admits the allegations contained in paragraph 8 of the Complaint.

9. Defendant admits that he made some real estate investments in the 1970's and 1980's but otherwise denies the allegations contained in paragraph 9 of the Complaint.

10. Defendant admits that he discussed various real estate investments with Plaintiff but otherwise denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 of the Complaint.

11. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11 of the Complaint.

12. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12 of the Complaint.

13. Defendant admits that he advised Plaintiff that he had made a deposit on a brownstone in Hoboken, New Jersey and admits that he discussed the possibility of Plaintiff providing certain financing to purchase the property but otherwise denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 of the Complaint.

14. In response to the allegations in paragraph 14 of the Complaint, Defendant admits that the parties discussed the Plaintiff providing certain financing but denies knowledge or information sufficient to form a belief as to the exact amount of such financing.

15. Defendant admits the allegations contained in paragraph 15 of the Complaint.

16. Defendant denies knowledge or information sufficient to determine whether Plaintiff contributed $40,000 towards the purchase of the property but otherwise admits the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17 of the Complaint.

18. Defendant admits the allegations contained in paragraph 18 of the Complaint.

19. Defendant admits the allegations contained in paragraph 19 of the Complaint.

20. Defendant admits the allegations contained in paragraph 20 of the Complaint.

21. Defendant admits the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23 of the Complaint.

24. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24 of the Complaint.

25. Defendant admits that in or around 2004, he secured condominium conversion approval for the property and began to sell the units and otherwise denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 25 of the Complaint.

26. Defendant admits that all four units have been sold or exchanged.

27. Defendant states that two of the units were exchanged for other property and that the capital gain reported in 2004 was $108,174 and the capital gain reported in 2005 was $68,214 and otherwise admits the allegations contained in paragraph 27 of the Complaint.

28. Defendant admits the allegations contained in paragraph 28 of the Complaint.

29. Defendant admits that he has not provided Plaintiff with tax statements for 2004 or 2005 but otherwise denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

### FIRST CAUSE OF ACTION: BREACH OF CONTRACT

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant admits that he has made no payments to Plaintiff nor provided him with any written explanation but otherwise denies the allegations contained in paragraph 33 of the Complaint.

34. Defendant admits that he has made no payments to Plaintiff nor provided him with any written explanation but otherwise denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

**SECOND CAUSE OF ACTION: CONVERSION**

36. Defendant incorporates by reference his responses to paragraphs 1 through 35 of the Complaint.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint.

**THIRD CAUSE OF ACTION: UNJUST ENRICHMENT**

39. Defendant incorporates by reference its responses to paragraphs 1 through 39 of the Complaint.

40. Defendant admits that he has made no payments to Plaintiff nor provided him with any written explanation but otherwise denies the allegations contained in paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

**FOURTH CAUSE OF ACTION: FRAUD**

42. Defendant incorporates by reference its responses to paragraphs 1 through 41 of the Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in paragraph 47 of the Complaint.

48. Defendant states that no response is necessary to paragraph 48 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

49. Plaintiff has failed to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

50. The causes of action asserted in the Complaint are barred, in whole or in part, by the doctrine of accord and satisfaction.

### THIRD AFFIRMATIVE DEFENSE

51. All of Defendant's actions were taken in good faith, with the knowledge and consent of the Plaintiffs.

### FOURTH AFFIRMATIVE DEFENSE

52. The causes of action asserted in the Complaint are barred, in whole or in part, by the doctrines of waiver, equitable estoppel, ratification, and unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

53. The causes of action asserted in the Complaint are barred, in whole or in part, by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

54. The causes of action asserted in the Complaint are barred, in whole or in part, by the applicable statutes of limitations.

WHEREFORE, Defendant prays that Plaintiff take nothing by his Complaint and that judgment be entered in favor of Defendant dismissing Plaintiff's Complaint and awarding Defendant his reasonable attorneys' fees and costs incurred in defense of this action, and for such other relief as the Court deems just and proper.

Dated:  New York, New York
        July 9, 2008

LAW OFFICES OF ERIC J. GRANNIS

By: *Eric Grannis*
    Eric J. Grannis
    620 Fifth Avenue
    New York, New York 10020
    (212) 903-1025

Attorneys for Defendant